IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER HARRIS, | ) | CASE NO. 1:15-cv-00560 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| MARGARET BRADSHAW, Warden | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

Petitioner, Christopher Harris ("Harris"), challenges the constitutionality of his conviction in the case of *State v. Harris*, Cuyahoga County Court of Common Pleas Case No. CR-513113-A.  Harris, *pro se*, filed a Petition for Writ of Habeas Corpus (ECF No. 1) pursuant to 28 U.S.C. § 2254 on March 23, 2015.  On July 31, 2015, Warden Margaret Bradshaw ("Respondent") filed a Motion to Dismiss the petition as time-barred.  (ECF No. 7.)  Harris filed a reply on August 18, 2015.  (ECF No. 8.)  For reasons set forth in detail below, it is recommended that Harris's petition be DISMISSED as time barred.

**I.  Procedural History**

**A.  Conviction**

On July 14, 2008, a Cuyahoga County Grand Jury charged Harris with three counts of aggravated robbery in violation of Ohio Revised Code ("O.R.C.") § 2911.01(A)(1) (Counts 1, 3

& 8), two counts of kidnapping in violation of O.R.C. § 2905.01(A)(2) (Counts 4 & 5), two counts of aggravated burglary in violation of O.R.C. § 2911.11(A)(1) (Counts 6 & 7), and two counts of aggravated robbery in violation of O.R.C. § 2911.01(A)(3) (Counts 2 & 9). (ECF No. 7-1, Exh. 1.) Each charge carried one and three year firearm specifications. *Id*.

On September 19, 2008, Harris, represented by counsel, withdrew a former plea of not guilty and entered a negotiated plea of guilty to three counts of aggravated robbery, as amended in Counts 2, 3, and 9.[1] (ECF No. 7-1, Exh. 2.) The remaining charges were nolled. *Id*.

On September 26, 2008, the trial court sentenced Harris to an aggregate term of ten years in prison. (ECF No. 7-1, Exh. 3.)

**B.   Delayed Direct Appeal**

Harris did not file a timely appeal from his conviction and sentence. Instead, over one year later, on January 27, 2010, Harris, *pro se*, filed a Notice of Appeal and Motion for Leave to file a delayed appeal with the Court of Appeals for the Eighth Appellate District ("state appellate court"). (ECF No. 7-1, Exhs. 4 & 5.)

On February 12, 2010, leave was denied and the appeal was dismissed. (ECF No. 7-1, Exhs. 6 & 7.)

No appeal to the Ohio Supreme Court was filed.

**C.   Motion to Withdraw Guilty Plea**

Also on January 27, 2010, Harris, *pro se*, filed a motion to withdraw his guilty plea pursuant to Ohio R. Crim P. 32.1, claiming it had not been entered knowingly, intelligently, and

---

[1] At the recommendation of the State, Counts 2 and 9 were amended by the deletion of the one-year firearm specification. Count 3 was amended by the deletion of the three-year firearm specification. (ECF No. 7-1, Exh. 2.)

voluntarily. (ECF No. 7-1, Exh. 8.) On June 23, 2010, the motion was denied. (ECF No. 7-1, Exh. 9.)

D. **Second Delayed Appeal**

On May 12, 2014, almost four years after his motion to withdraw his guilty plea was denied, Harris filed a second Notice of Appeal and Motion for Leave to file a delayed appeal with the state appellate court. (ECF No. 7-1, Exhs. 1- & 11.)

On June 2, 2014, leave was denied and the appeal was dismissed. (ECF No. 7-1, Exhs. 12 & 13.)

Harris did not file a timely appeal, but did file a Notice of Appeal and Motion for Delayed Appeal with the Supreme Court of Ohio on November 24, 2014. (ECF No. 7-1, Exhs. 14 & 15.)

On January 28, 2015, the motion for delayed appeal was denied and the appeal dismissed. (ECF No. 7-1, Exh. 16.)

E. **Federal Habeas Petition**

On March 23, 2015, Harris filed a Petition for Writ of Habeas Corpus asserting one ground for relief:

> **GROUND ONE**: The trial court prejudiced Appellant when it failed to advise him of his right to appeal his sentence. In violation of Appellant's 14th Amendment right.
>
> *Supporting Facts*: Appellant pled guilty in court to 3 counts of aggravated robbery, but was never advised that I could appeal my sentence. The trial court judge nor my attorney ever advised me of the right to appeal my sentence even though I pled guilty in open court. I have submitted my guilty plea transcript as proof.

(ECF No. 1.)

In his memorandum in support of the petition, Harris appears to change his sole ground for

relief, arguing instead that:

> The Court of Appeals prejudiced Petitioner when it denied him a Delayed Appeal. Thus, in violation of Petitioner's 14th Amendment Right to Due Process Clause and Equal Protection clause to the United States Constitution.

(ECF No. 1-1 at 11.)

## II.  Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997).  The relevant provisions of AEDPA state:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

**A.   One-Year Limitation**

In the instant action, Respondent asserts that Harris's petition is time-barred because he did not file within the one-year limitations period.  Respondent contends that Harris's conviction became final on October 26, 2008, thirty (30) days after he was sentenced on September 26, 2008, when the time to file a timely notice of appeal expired.  (ECF No. 7 at 5.)  This Court agrees.

The AEDPA statute of limitations commenced running the next day, on October 27, 2008.  The statute of limitations continued to run uninterrupted until October 27, 2009 when it expired.  While the AEDPA tolls the one-year limitations period during the time "'a properly filed application for State postconviction or other collateral review . . . is pending,"[2]  Harris did not file anything with any state court until January 27, 2010.  *See Evans v. Chavis*, 546 U.S. 189, 191 (2006); *Carey v. Saffold*, 536 U.S. 214 (2002); *accord Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir. 2003).  Because Harris's motions for delayed appeal and motion to withdraw his guilty plea all post-date the expiration of the statute of limitations, they have no tolling impact.  A timely filed state post-conviction matter cannot serve to toll a statute of limitations which has already expired before the motion was filed.  *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).  Section 2244(d)(2)'s tolling provision "does not ... 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."

---

[2] "The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Evans*, 546 U.S. at 191.

*Vroman*, 346 F.3d at 602 (citation omitted). Further, if a state court ultimately denies a petition as untimely, that petition was neither properly filed nor pending and a petitioner would not be entitled to statutory tolling. *See Monroe* at *2; *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007).

In addition, motions for delayed appeal are not part of the direct appeal process. "[Ohio Appellate] Rule 5(A) motions [for delayed appeal] are treated as part of collateral review." *Granger v. Hurt*, 90 Fed. App'x 97, 100 (6th Cir. 2004) (*citing Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001) (holding that motions for delayed appeal are not part of direct review and toll, rather than restart, the one-year statute of limitations); *see also Peals v. Dann*, Case No. 3:07-cv-2342 (N.D. Ohio Apr. 11, 2008) (J. Oliver) ("The Sixth Circuit and courts within its jurisdiction have explicitly held that a motion for delayed appeal is collateral review."), *citing DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006) ("[A] motion for delayed appeal [before the Ohio Supreme Court], even if granted, does not restart the statute of limitations, but if properly filed, it does toll the statute during the time the motion was pending."). Another district court decision observed that "a motion to file a delayed appeal in a state appellate court is not part of direct review and cannot, therefore, restart the running of the statute of limitations for purposes of federal habeas review." *Porter v. Hudson*, 2007 U.S. Dist. LEXIS 51281, at *18 (N.D. Ohio July 16, 2007) (J. O'Malley); *see also Anderson v. Brunsman*, 562 Fed. App'x 426, 430 (6th Cir. 2014) (describing as "inaccurate" a petitioner's contention that a motion for delayed appeal was part of direct review); *Sanders v. Bobby*, 2008 U.S. Dist. LEXIS 7248 (N.D. Ohio Jan. 31, 2008).[3]

---

[3] Ohio state courts also do not consider delayed appeals part of direct review. *See, e.g., State v. Bird*, 741 N.E.2d 560,138 Ohio App. 3d 400, 405 (Ohio Ct. App. 2000) ("The term 'direct appeal,' ... does not universally include delayed appeals [and] ... language in some cases specifically limits the term to include only those appeals taken as of right and/or otherwise distinguishes between direct appeals and delayed appeals."), *citing State*

As such, the statute of limitations did *not* restart after Harris's attempts to file delayed appeals were denied. Therefore, unless equitable tolling is appropriate or Harris is entitled to begin calculating the statute of limitations from an alternative date, his petition should be dismissed as time-barred.

**B.    Factual Predicate**

Pursuant to 28 U.S.C. § 2244(d)(1)(D), the statute of limitations may commence later than the date when a petitioner's conviction became final if "the factual predicate of the claim or claims presented" was not discovered by a petitioner, acting with due diligence, until a later date.

In his memorandum in support of his petition, as well as in his reply to the motion to dismiss, Harris maintains that he was never informed of his appeal rights. (ECF Nos. 1-1 & 8.) In the former, he indicates that he did not learn that he was denied his right to appeal until July 28, 2014. (ECF No. 1-1 at 1.) Based on the record before it, the Court cannot discern whether Harris's allegation — that he was never informed that he could appeal his sentence — is accurate. Nonetheless, to the extent Harris is asserting that he did not discover the availability of appeals until July of 2014, such a claim is untenable. Assuming *arguendo* that Harris was left in the dark about his appellate rights, he did file a notice of appeal and a motion for leave to file a delayed appeal on January 27, 2010. (ECF No. 7-1, Exhs. 4 & 5.) As such, Harris cannot credibly argue that, exercising due diligence, he remained unaware of the factual predicate of his claim even *after* he attempted to file an appeal. Therefore, the latest possible factual predicate of Harris's claim arose no later than January 27, 2010, the date Harris filed his first motion for delayed appeal.

---

*v. Gillard*, 85 Ohio St. 3d 363, 365, 708 N.E.2d 708 (Ohio 1999); *accord State v. Lewis*, 2006 Ohio App. LEXIS 2563, 2006-Ohio-2752 at ¶10 (Ohio Ct. App. Jun. 1, 2006).

Furthermore, for the sake of argument, even if the Court credits Harris with statutory tolling until his motion for delayed appeal was denied *and* his contemporaneously filed motion to withdraw his plea[4] was denied, Harris's petition still remains untimely.

After the state court denied Harris's motion to withdraw his guilty plea on June 23, 2010, Harris took no action whatsoever until May 12, 2014 when he filed his second motion for leave to file a delayed appeal. This gap in time amounts to **three years, ten months and nineteen days – almost four years**.

Therefore, even giving Harris the benefit of a much later start date for the running of the statute of limitations, his petition remains untimely.

**C. Equitable Tolling**

Finally, the Court finds that equitable tolling is not appropriate. Other than the arguments that neither the court nor counsel informed him of his appellate rights, Harris did not advance a tolling argument in his reply after Respondent raised the statute of limitations defense. *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (holding that a petitioner bears the burden of proving that equitable tolling is applicable). In order to be entitled to equitable tolling, Harris must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

Here, Harris took no action whatsoever for over three years. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum diligence." *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2565, 177 L.Ed.2d 130 (2010). That being said, the Sixth Circuit

---

[4] As the motion for leave to file a delayed leave appeal was denied several months earlier than the motion to withdraw the plea, the Court credits Harris with statutory tolling until the latter's denial on June 23, 2010.

has held that excessive delays in filing lack appropriate diligence. *See e.g. Keeling v. Warden*, 673 F.3d 452, 463-64 (6th Cir. 2012); *Vroman*, 346 F.3d at 605 (A court should be "much less forgiving . . . where the claimant failed to exercise due diligence in preserving his legal rights.") (*quoting Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)); *accord Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Garrison v. Warren Corr. Inst.*, 1999 U.S. App. LEXIS 13314 (6th Cir. Jun. 10, 1999).

In his petition, Harris asserts that he was not notified that his second motion for delayed appeal was denied. Even if the Court were to assume that Harris intended to assert that the appellate court did not inform him that his first motion for delayed appeal was denied, this does not necessarily entitle him to equitable tolling. In *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 463 (6th Cir. 2012), the Sixth Circuit found that the petitioner did not "diligently monitor the status of his appeal" by waiting three years to file his first post-conviction petition despite an allegation that counsel did not inform him of the outcome of his appeal. *See also Thomas v. Warden, London Corre. Inst.*, 2014 U.S. Dist. LEXIS 114353 (S.D. Ohio Aug. 18, 2014) ("assuming, without deciding, that petitioner's claims regarding his appellate attorney amount to an extraordinary circumstance," the petitioner was not diligent in pursuing his rights as he failed in his duty to monitor the status of his appeal by waiting over two years to check on its status); *Muhammad v. Donahue*, 2014 U.S. Dist. LEXIS 107811 (E.D. Tenn. Aug. 6, 2014) (finding that because the petitioner was inactive for more than one year, he was not reasonably diligent in pursuing his rights). Here, Harris was inactive, taking no action for almost four years. The Court cannot fathom a situation where such prolonged inaction could possibly be construed as the diligent pursuit of rights.

Without the benefit of equitable tolling, the instant petition is untimely and should be dismissed.

**D. Actual Innocence**

In *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013), the United States Supreme Court held that actual innocence, if proved, may overcome the expiration of AEDPA's one-year statute of limitations. The Court noted that a claim of actual innocence is not a request for equitable tolling but, rather, a request for an equitable exception to § 2244(d)(1). *Id*. at 1931. The Supreme Court explained, however, that "tenable actual-innocence gateway pleas are rare." *McQuiggin*, 133 S.Ct. at 1928. In such cases, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). Here, Harris has not argued that he is actually innocent, nor has he furnished the Court with any new, reliable evidence.

**III. Conclusion**

For the foregoing reasons, it is recommended that this matter be DISMISSED as time barred.

/s/ *Greg White*
U.S. Magistrate Judge

Date: October 26, 2015

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**